CARL HARTMAN COMPANY, Respondent vs. FRIDAY,
Appellant.

*September 23—October 18, 1921.*

*Fraud: Evidence: Sufficiency.*

In an action for the buyer's failure to perform a contract for
the sale of an engine and boiler, in which the buyer counter-
claimed for false representations by the seller, and all issues
as to false representations were found by the jury in the
seller's favor except as to representations concerning the con-
dition of the front of the boiler, which was not submitted to
them, it is *held* that the evidence as to this alleged misrepre-
sentation is insufficient to make a jury question.

APPEAL from a judgment of the circuit court for Dodge
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Plaintiff, a dealer in new and second-hand machinery at
Green Bay, Wisconsin, under a written contract sold and
delivered to defendant at Beaver Dam, Wisconsin, an en-
gine and boiler, each second-hand. Plaintiff brought this
action to recover damages of defendant for his partial fail-
ure to carry out the contract. Defendant answered and also
counterclaimed.

The substance of the counterclaim, so far as necessary
here, was to the effect that certain material and false repre-
sentations were made by plaintiff's president with reference
to certain conditions and qualities of the boiler. In the spe-
cial verdict as submitted to the jury such questions were
answered in plaintiff's favor. In addition to the issues so
contained in the special verdict defendant insisted on the
trial, and now here, that the court should have also sub-
mitted to the jury questions concerning certain other alleged
misrepresentations by plaintiff's agent to defendant concern-
ing the front of said boiler.

The court held that the evidence did not warrant a sub-
mission of any such issues to the jury, and upon such ruling
and the special verdict he directed judgment dismissing the

counterclaim and granting damages to the plaintiff upon its cause of action. From such judgment the defendant has appealed.

For the appellant there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *A. W. Lueck*.

*C. W. Lomas* of Green Bay, for the respondent.

ESCHWEILER, J. The engine and boiler in question had been in use in or near Green Bay prior to the time of the contract between the parties. The boiler was one of a set of several boilers, but the front for it as sold to the defendant was, to his knowledge, from a different boiler, and it had been stored in another yard than where the boiler itself was at the time of the sale.

Defendant's contention here presented arises from the fact that the front which was sold and subsequently placed by him upon the boiler had doors therein not sufficiently large to permit of the separate taking out on each side of five of the outermost of the sixty or seventy flues therein contained. In case of removal, however, of all the flues at one time, these ten could be taken out with the others and be removed through the manhole. Their separate removal, however, would require the taking down or apart of the front. There was no testimony as to how often it might reasonably be anticipated that such outer flues would require separate removal or what the necessary expense would be in such case; the only testimony in that regard being by plaintiff to the effect that such a removal and replacing of the front could be done by three men in an hour.

The court refused to submit to the jury any question upon what defendant claims were material representations by plaintiff in connection with this boiler front on this particular point. The only testimony in the record upon which such questions could have been properly submitted to the jury, if at all, was that by the defendant himself. He testified that

the plaintiff said this front was of the proper size for that boiler; and again, "He [plaintiff's president] didn't say anything particular in regard to the doors, but the front was supposed to be in usable condition and proper to fit this boiler. That was the representation that he made."

Defendant nowhere testifies that he relied in making this purchase upon anything in the nature of a representation with reference to the matter here involved, and on repeated questions in direct examination as to the consideration that induced him to enter into this purchase, the only one he gives is the statement he claims plaintiff made to him that there would be an inspection by an official boiler inspector of an insurance company and submitted to him. The issue presented on this latter feature was submitted to the jury and decided by them against defendant's contention.

The defendant had ample opportunity to examine and did examine the boiler itself twice and this particular front once before the purchase. There was no concealment or fraud by the plaintiff shown. We think the court was justified in its rulings on the grounds that there was no material representation made by the plaintiff in that regard and that defendant had ample opportunity, and availed himself of it, to ascertain all the facts before he signed the contract.

Complaint is also made by appellant as to the court's ruling in the admission of certain testimony by one of plaintiff's witnesses. We do not deem the admission of such testimony, were it erroneously received, to have been a prejudicial error, and it becomes immaterial in view of the disposition that is now being made of this case.

*By the Court.*—Judgment affirmed.